IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MANCE OTIS MOORE,**

    **Plaintiff,**

v.                                         No. 2:24-cv-00934 JHR/GBW

**CITY OF LAS CRUCES,**

    **Defendant.**

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte* upon Moore's Amended Complaint [Doc. 1-1]. For the below reasons, Moore must show cause in writing why this matter should not be dismissed for failure to comply with the Federal Rules of Civil Procedure and the Local Rules of this District of New Mexico and file an amended complaint in accordance therewith.

### I.    BACKGROUND

Moore originally filed his complaint in the Third Judicial District Court and the City of Las Cruces removed to this Court. [Doc. 1]. Moore requests "Judgment" and "Order" in his *pro se* motion form. [Doc. 1-1, at 1]. In a typed attachment to the *pro se* form, he writes "this is a[n] answer to Judge Martin's order for me to rewrite my civil complaint" alleging the City violated his constitutional rights by seizing his dogs and accusing him of killing other dogs. *Id.* at 4. Moore recounts that he "was found not guilty of 47 of 48 charges" in municipal court but complains "still . . . Judge Martin has enough records to issue a summary judgment, and this is what I'm requesting." *Id.* at 4, 5. Thereafter, Moore alleges he was treated "unjustly" through law enforcement interactions and court proceedings over the dogs. *Id.* at 6–15.

Moore titles his apparent request for relief as "REDRESS-ABILITY [sic] or better known as compensation to the average man." *Id.* at 15. In this regard, he requests "60 million dollars and

1

the city to give a tax property in good condition to the nonprofit of my choice." *Id.* at 16. He says this relief is warranted because he has either prevailed at trial or settled his dog cases. *Id.* Finally, Moore alludes to race discrimination in the courts. *See id.* at 17–19.

The City captions its response "Answer to Plaintiff's Second Amended Complaint/Request for Summary Judgment." [Doc. 4, at 1]. The City accordingly admits and denies certain facts or otherwise contests the allegations. *Id.* at 1–3. Regarding Moore's reference to summary judgment, it contests:

> "Defendant expressly denies that Plaintiff is entitled to summary judgment, or that he has complied with New Mexico Rules of Civil Procedure, Rule 1-056, Rule 1-07.1 NMRA or Fed. R. Civ. Pro Rule 7(B), Rule 8(A), Rule 1-056, D.M.LR- Civ. 7.1, D.N.M.LR-Civ. 56.1 or 42 U.S.C. § 1983 in requesting the relief sought in this paragraph of the attached Second Amended Complaint."

*Id.* at 2. The City further contends:

> The remainder of Plaintiff's attached Second Amended Complaint does not conform with Rule 1-008 NMRA or Fed. Rule Civ. Pro. 8(A), is unintelligible, does not provide a notice of the claims asserted against Defendant and is otherwise not capable of an answer due to the deficiencies in the unnumbered narrative contained on pages 6-20 [Doc. 1].

*Id.* at 2-3.

## II.  LEGAL STANDARDS

The Federal Rules of Civil Procedure govern the form and substance of pleadings. Rule 3 provides "[a] civil action is commenced by filing a complaint with the court." Fed R. Civ. P. 3. Rule 7(a) states in relevant part "only these pleadings are allowed: (1) a complaint; (2) an answer to a complaint." Fed. R. Civ. P. 7(a). Rule 10 on pleadings directs a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Relatedly, "[a] claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the

claim showing the pleader is entitled to relief; (3) a demand for the relief sought." Fed. F. Civ. P. 8(a). Regarding motions, Rule 7(b) states "[t]he motion must: (A) be in writing . . . (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." Fed. R. Civ. P. 7(b).

Regarding defenses, Rule 8 similarly requires a party to "state in short and plain terms its defenses to each claim asserted against it" and admit or deny the specific allegations. Fed R. Civ. P. 8(b). The rules permit a party to move for summary judgment by "identifying each claim or defense on which summary judgment is sought." Fed. R. Civ. P. 56. To prevail, the movant must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*

This District's local rules impose more stringent pleading standards than the Federal Rules of Civil Procedure in several respects. First, "[t]he title of a document must clearly identify its substance." D.N.M.LR-Civ. 10.2. Local rule 7.1 further requires that "[a] motion must be in writing and state with particularity the grounds and the relief sought." D.N.M.LR-Civ. 7.1(a). Similarly, local rule 7.3 states "[a] motion, response or reply must cite authority in support of legal positions advanced" and additionally directs parties to "submit evidence, in the form of declarations, affidavits, deposition excerpts, or other documents, in support of allegations of fact." D.N.M.LR-Civ. 7.3.

### III. ANALYSIS

Moore's Second Amended Complaint fails to comply with these rules. Moore fails to state his claims with particularity nor explain why he is entitled to relief for those claims. He does not explain which incident(s) in particular gave rise to his claims nor what applicable law the City allegedly violated. Moreover, while the instant pleading purports to be a Second Amended Complaint, Moore combines the language of a complaint with references to a motion for summary

3

judgment. The nebulous reference to summary judgment caused the City to respond in kind to cover its bases. However, this type of mixed pleading and motion runs contrary to the federal and local rules' pleading standards and therefore must be brought into compliance before the matter can proceed. The rules are clear that pleadings properly come before motions practice; invoking the term "summary judgment" itself does not convert an initial pleading into a motion for summary judgment.

Finally, although Moore is *pro se* and not held to the same stringent standards as attorneys, the Court may not "assume the role of advocate." *Ledbetter v. City of Topeka,* 318 F.3d 1183, 1187–88 (10th Cir. 2003). Thus, Moore's *pro se* status "does not excuse [his] obligation" to comply with the "fundamental requirements" of the Federal Rules of Civil Procedure. *Ogden v. San Juan Cnty.,* 32 F.3d 452, 455 (10th Cir.1994).

## IV.  CONCLUSION

THEREFORE, within **30 days of entry of this Order**, Moore must **SHOW CAUSE why the matter should not be dismissed** and refile his Second Amended Complaint following the federal and local rules pleading requirements and without any reference to summary judgment. After Moore files a satisfactory amended complaint, the City shall thereafter file an answer.

Failure to do so may result in dismissal without further notice.

**IT IS SO ORDERED.**

Hon. Jerry H. Ritter
United States Magistrate Judge