IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MANCE OTIS MOORE,**

    **Plaintiff,**

v.　　　　　　　　　　　　　　　　　　　　No. 2:24-cv-00934 JHR/GBW

**CITY OF LAS CRUCES,**

    **Defendant.**

<u>**MEMORANDUM OPINION AND ORDER DENYING MOORE'S MOTION TO AMEND COMPLAINT [DOC. 7] AND DISMISSING THE MATTER.**</u>

THIS MATTER is before the Court on Moore's Motion to Amend Complaint [Doc. 7]. The parties consented to the undersigned presiding over dispositive proceedings in this matter pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). [Docs. 15, 17, text only]. Having considered the pleadings, the record, and relevant law, the Court finds that Moore still fails to comply with the Federal Rules of Civil Procedure and further amendment would be futile. The Court therefore DENIES the motion to amend and DISMISSES the matter with prejudice.

    **I.**    <u>**BACKGROUND**</u>

**A. Moore's Complaint [Doc. 1] and the City's Answer [Doc. 4].**

Moore originally filed his complaint in the Third Judicial District Court and the City of Las Cruces removed to this Court. [Doc. 1]. Moore requested "Judgment" and "Order" in his *pro se* motion form. [Doc. 1-1, at 1]. In a typed attachment to the *pro se* form, he wrote "this is a[n] answer to Judge Martin's order for me to rewrite my civil complaint" alleging the City violated his constitutional rights by seizing his dogs and accusing him of killing other dogs. *Id.* at 4. Moore recounted that he "was found not guilty of 47 of 48 charges" in municipal court but complained "still . . . Judge Martin has enough records to issue a summary judgment, and this is what I'm

requesting." *Id.* at 4, 5. Thereafter, Moore alleged he was treated "unjustly" through law enforcement interactions and court proceedings over the dogs. *Id.* at 6–15.

Moore titled his first request for relief as "REDRESS-ABILITY [sic] or better known as compensation to the average man." *Id.* at 15. In this regard, he requested "60 million dollars and the city to give a tax property in good condition to the nonprofit of my choice." *Id.* at 16. He said this relief is warranted because he has either prevailed at trial or settled his dog cases. *Id.* Moore also alluded to race discrimination in the courts. *See id.* at 17–19.

The City captioned its response thereto "Answer to Plaintiff's Second Amended Complaint/Request for Summary Judgment." [Doc. 4, at 1]. The City accordingly responded to the allegations and further asserted:

> The remainder of Plaintiff's attached Second Amended Complaint does not conform with Rule 1-008 NMRA or Fed. Rule Civ. Pro. 8(A), is unintelligible, does not provide a notice of the claims asserted against Defendant and is otherwise not capable of an answer due to the deficiencies in the unnumbered narrative contained on pages 6-20 [Doc. 1].

*Id.* at 1-3. The City also filed the state court record. [Doc. 5].

**B. Order to Show Cause [Doc. 6].**

On January 28, 2025, the Court issued an Order to Show Cause. [Doc. 6]. The order directed Moore to replead his claims in compliance with federal pleading standards. *Id.* at 3, 4. The Court explained that "Moore fails to state his claims with particularity nor explain why he is entitled to relief for those claims. He does not explain which incident(s) in particular gave rise to his claims nor what applicable law the City allegedly violated." *Id.* at 3. The Court further warned that Moore's pro se status does not excuse him from complying with the Federal Rules of Civil Procedure. *Id.* at 4. In conclusion, the Court ordered Moore to "refile his Second Amended

Complaint following the federal and local rules['] pleading requirements" within thirty days and admonished "failure to do so may result in dismissal without further notice." *Id.* at 4.

### C. Moore's Motion to Amend [Doc. 7].

On February 20, 2025, Moore filed the instant motion to amend. [Doc. 7]. The motion requests amendment "to accuse Judge Goldberg, judge Finch [sic], Judge Martin, the judicial commission state of New Mexico third District Court of systemic raceicm [sic], violation of the second cannon judicial standards, and a false investigation by the judicial standards commission." *Id.* at 1. He accuses "Judge Finch" of helping Wintrust mortgage steal his house and Judge Martin of showing "bias," "extreme prejudice," and "let false information." *Id.* Moore asks that "a federal judge reconsider the verdict" in these two cases. *Id.*

## II. <u>LEGAL STANDARD</u>

A court may deny leave to amend if amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is futile if the pleading "as amended, would be subject to dismissal." *Fields v. City of Tulsa*, 753 F.3d 1000, 1012 (10th Cir. 2014). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir.1993). The decision whether to grant leave to amend is left to the discretion of the district court. *See Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009); *Foman*, 371 U.S. at 182.

## III. <u>ANALYSIS</u>

The Court finds granting Moore leave to amend his complaint would be futile. Even if he were permitted to amend as requested in his motion, the amended pleading would still be ripe for dismissal. The Court identifies several critical defects with Moore's request to amend. First, judges

are immune from liability for actions taken in their official capacity. *Gerhardt v. Mares*, 179 F. Supp. 3d 1006, 1029 (D.N.M. 2016) (citing *Stump v. Sparkman,* 435 U.S. 349, 355–56, (1978)). The alleged misconduct of Judge Finch and Judge Martin which Moore described occurred in connection with official court proceedings. *See* [Doc. 7, at 1] (citing several state court causes of action). Thus, even if Moore amended his complaint to name them as defendants, judicial immunity would shield any liability from accruing. *See Gerhardt*, 179 F. Supp. 3d at 1029.

Second, Moore's requested amendments are entirely different in nature and scope from his original complaint alleging civil rights violations related to animal cruelty or mistreatment. *See* [Doc. 1]. Amendments are typically not intended to assert novel claims or theories. *See Minter v. Prime Equip. Co*., 451 F.3d 1196, 1206 (10th Cir. 2006) (denial of amendment proper where plaintiff appears to use Rule 15 to make the complaint a "moving target"); *Steinert v. The Winn Grp., Inc.*, 190 F.R.D. 680, 683 (D. Kan. 2000) (defendants should generally not be required to defend brand new causes of action). And finally, his amendment still fails to comport with the federal rules and pleading standards of which he was put on notice via the Order to Show Cause. *See* [Doc. 6]. Aside from Moore being upset with the outcome of his cases in front of these judges and believing they harbored ill intentions toward him, the Court cannot ascertain cognizable claims for relief, particular grounds therefore, or the specific relief sought. *See* Fed. R. Civ. P. 7(b), 8(a).

Because Moore has been given opportunity to amend his claims, advised of the relevant rules and procedures, and duly warned of the consequences of failure to comport therewith, the Court will deny Moore's motion to amend for futility of amendment.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Moore's Motion to Amend [Doc. 7] is hereby **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

_____
Hon. Jerry H. Ritter
United States Magistrate Judge
Presiding by Consent